# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JOSE MARTIN PEREZ GOMEZ<br>454 Champlain Road<br>North East, Maryland 21901<br><br>ESAU PEREZ GOMEZ<br>500 Lakeside Drive<br>North East, Maryland 21901<br><br>    Plaintiffs,<br><br>v.<br><br>TIM PLASTICS, INC.<br>Drummand Office Plaza<br>Suite 2101<br>Newark, Delaware 19711<br><br>    Serve: Resident Agent<br>           Sadhana Patel<br>           97 N. Leslie Road, #1<br>           North East, Maryland 21901<br><br>SADHANA PATEL<br>97 N. Leslie Road, #1<br>North East, Maryland 21901<br><br>    Defendants. | Civil Action No. |

## **COMPLAINT**

Plaintiffs Jose Martin Perez Gomez and Esau Perez Gomez ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Tim Plastics, Inc. and Sadhana Patel (collectively "Defendants") under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4986396_1

§ 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were paid at the same regular hourly rate regardless of the hours worked. They worked hours in excess of forty per week and were not paid at the overtime rate of one and a half times their regular hourly rates for all hours in excess of forty as required by Maryland and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Maryland.

4. Defendant Tim Plastics, Inc. ("Tim Plastics") is a Delaware corporation, registered and doing business in Maryland.

5. Defendant Sadhana Patel is the owner of Tim Plastics.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Sadhana Patel controlled the day to day operations of Tim Plastics.

11. Defendant Sadhana Patel had the power to hire, fire, suspend, and discipline Plaintiffs.

12. Defendant Sadhana Patel supervised Plaintiffs directly or indirectly.

13. Defendant Sadhana Patel directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

14. Defendant Sadhana Patel directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant Sadhana Patel would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

17. Plaintiffs were employed by Defendants laborers.

18. Plaintiff Jose Martin Perez Gomez was employed by Defendants from September 28, 2013 through September 30, 2016.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

19. Plaintiff Jose Martin Perez Gomez was paid at varying regular hourly rates throughout the Employment Period. From September 28, 2013 through November 21, 2014, he was paid at a regular hourly rate of $11.30; from November 22, 2014 through December 26, 2014, he was paid at a regular hourly rate of $11.70; from December 27, 2014 through December 25, 2015, he was paid a regular hourly rate of $12.25; from December 26, 2015 through August 19, 2016, he was paid at a regular hourly rate of $11.50; and from August 20, 2016 through September 30, 2016, he was paid at a regular hourly rate of $12.00.

20. Plaintiff Jose Martin Perez Gomez worked hours in excess of forty per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate, for those hours worked over forty hours.

21. Plaintiff Jose Martin Perez Gomez is owed approximately $2,082.73 in unpaid overtime wages.

22. Plaintiff Esau Perez Gomez was employed by Defendants from September 28, 2013 through August 26, 2016.

23. Plaintiff Esau Perez Gomez was paid at varying regular hourly rates throughout the Employment Period. From September 28, 2013 through November 1, 2013, he was paid at a regular hourly rate of $12.00; from November 2, 2013 through December 5, 2014, he was paid at a regular hourly rate of $12.50; from December 6, 2014 through May 1, 2015, he was paid a regular hourly rate of $13.00; from May 2, 2015 through October 2, 2015, he was paid at a regular hourly rate of $13.50; from October 3, 2015 through April 22, 2016, he was paid at a regular hourly rate of $14.00; and for the remainder of the employment he was paid at a regular hourly rate of $14.50.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

24. Plaintiff Esau Perez Gomez worked hours in excess of forty per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate, for those hours worked over forty hours.

25. Plaintiff Esau Perez Gomez is owed approximately $2,228.56 in unpaid overtime wages.

26. Plaintiffs are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of Maryland and federal law.

27. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

28. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

29. The precise number of hours worked, and wages owed, should be revealed through discovery.

30. Defendants knowingly and intentionally violated Plaintiffs' rights under Maryland and federal law.

### COUNT I
**(Violation of the Maryland Wage Payment and Collection Law)**

31. Plaintiffs adopt herein by reference paragraphs 1 through 30 above as if fully set forth herein.

32. The amounts owed to Plaintiff by Defendants for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.*, § 3-501(c).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

33. Defendants were required to pay to Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

34. While employed by Defendants, Plaintiffs worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

35. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

36. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $12,933.87 which equals three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

37. Plaintiffs adopt herein by reference paragraphs 1 through 30 above as if fully set forth herein.

38. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

39. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

40. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

41. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $8,622.58 which is two times the total overtime compensation owed, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT III
### (Violation of the Maryland Wage and Hour Law)

42. Plaintiffs adopt herein by reference paragraphs 1 through 30 above as if fully set forth herein.

43. Defendants were required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

44. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs overtime as required by the MWHL.

45. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

46. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $8,622.58 which is two times the total overtime compensation owed and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:     /s/
    Mary Craine Lombardo (17140)
    mlombardo@steinsperling.com


By:     /s/
    Eduardo S. Garcia (07200)
    egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020